UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

FRETREAMA HOLLIS,

    Plaintiff,

**JURY TRIAL DEMANDED**

v.

THE CAPRI RESTAURANT, INC., a Florida
for profit corporation, JAMES P. ACCURSIO,
and PATRICIA ACCURSIO,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES**

Plaintiff, FRETREAMA HOLLIS, ("HOLLIS") by and through her undersigned attorney, file her Complaint for Damages against Defendants, THE CAPRI RESTAURANT, INC., a Florida profit corporation, (hereinafter "CAPRI RESTAURANT"), JAMES P. ACCURSIO, (hereinafter "J. ACCURSIO") and PATRICIA ACCURSIO, (hereinafter "P. ACCURSIO"), and states as follows:

**INTRODUCTION**

1. This is an action to recover unpaid minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"), and the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

**JURISDICTION**

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §1331, and 26 U.S.C. §7434.

3. At all times pertinent to this Complaint, the corporate Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

4. During all time periods set forth herein Defendants, CAPRI RESTAURANT, operated as a restaurant.

5. During all time periods set forth herein, Defendants, J. ACCURSIO and P. ACCURSIO operated CAPRI RESTAURANT.

6. At all times material hereto, corporate Defendant, CAPRI RESTAURANT, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

7. Plaintiff's' work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. Specifically, the Plaintiff handled food and drinks which were originally manufactured outside the State of Florida.

8. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

9. During all time periods set forth herein, the Defendants had no less than 5 other employees handling, selling or otherwise working on goods or materials that had moved in or were produced for commerce. Those workers also handled food and drinks at the Defendants' restaurant, which were originally manufactured outside the State of Florida.

10. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

11. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

12. The venue of this Court over this controversy is based upon the following:

    a.    The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida and,

    b.    Defendants were and continue to be a corporation and individuals doing business within this judicial district.

## PARTIES

13. At all times material hereto, Plaintiff, HOLLIS was a resident of Miami, Miami-Dade County, Florida and was an "employee" of the Defendants within the meaning of the FLSA.

14. During the time period set forth herein, corporate Defendant, CAPRI RESTAURANT was conducting business in Florida City, Miami-Dade County, Florida, with its principal places of business in that city.

15. During the time periods set forth herein, Defendant, CAPRI RESTAURANT was and continues to be an "employer" within the meaning of the FLSA, and the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

16. At all times material hereto, Defendants, J. ACCURSIO and P. ACCURSIO were and continue to be "employer[s]" within the meaning of the FLSA, and the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

17. During all time periods set forth herein, Defendants, CAPRI RESTAURANT, J. ACCURSIO and P. ACCURSIO knowingly, willfully and maliciously failed to pay Plaintiff, HOLLIS her lawfully earned wages in conformance with the FLSA.

18. Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

19. At all times material hereto, the work performed by Plaintiff, HOLLIS was directly essential to the business performed by Defendants.

20. Plaintiff, HOLLIS has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

21. On or about January 16, 2012, Plaintiff, HOLLIS was hired by the Defendants as a busser and then server at the Defendants' restaurant business. Her employment ended on about June 29, 2020.

22. During her employment set forth herein, above, Plaintiff, HOLLIS was paid below the full minimum wage for her work hours.

23. The Defendants failed to satisfy all conditions precedent for taking an FLSA "tip credit" against Plaintiff's minimum wages.

24. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff.

25. Defendants, J. ACCURSIO and P. ACCURSIO were supervisors and or manager/owners who were involved in the day-to-day operations and/or were directly responsible for the supervision of Plaintiff. Therefore, they are personally liable for the FLSA violations.

26. Defendants, J. ACCURSIO and P. ACCURSIO were directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

27. Plaintiff has retained Bober & Bober, P.A. to represent her in this litigation and have agreed to pay the firm a reasonable fee for its services.

### STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

28. Plaintiff realleges Paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Plaintiff's employment with Defendants was to consist of a normal workweek for which she was to be compensated at or above the FLSA minimum wage.

30. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid their minimum wages.

31. Defendants unlawfully availed themselves to an FLSA "tip credit."

32. The Defendants failed to satisfy all conditions precedent for taking a "tip credit" against the Plaintiff's minimum wages.

33. The Defendants acted willfully.

34. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a. judgment in her favor for all unpaid minimum wages due or payable;

b. liquidated damages;

c. attorney's fees and costs pursuant to the FLSA;

d. post-judgment interest;

e. recoupment of all tips which belonged to the Plaintiff; and,

    f.      all other and further relief this Court deems to be just and proper.

## COUNT II

## VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION AND SECTION 448.110 FLORIDA STATUTES

35. Plaintiff realleges Paragraphs 1 through 27as if fully stated herein.

36. Pursuant to Article X, Section 24 of the Florida Constitution, Defendants were required to pay Plaintiff at least the applicable Florida minimum wage.

37. During Plaintiff's employment, Defendants paid her less than the statutory minimum wage for many of her work hours. The Defendants acted willfully.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against the Defendants:

    a.      Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the minimum wage;

    b.      Awarding Plaintiff all back wages due and owing;

    c.      Awarding Plaintiff liquidated damages in the amount equal to her back wages;

    d.      Awarding Plaintiff attorney's fees and costs and expenses of this litigation;

    e.      Awarding Plaintiff prejudgment and post-judgment interest;

    g.      Recoupment of all tips which belonged to the Plaintiff; and,

    h.      Awarding such other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED: October 19, 2020.

        Respectfully submitted,

        BOBER & BOBER, P.A.
        Attorneys for Plaintiff
        2699 Stirling Road, Suite A-304
        Hollywood, FL 33312
        Phone: (954) 922-2298
        Fax: (954) 922-5455
        peter@boberlaw.com
        samara@boberlaw.com

        By: __s/. Peter Bober_____
            PETER BOBER
            FBN: 0122955
            SAMARA BOBER
            FBN: 0156248